**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

ALLSTATE INSURANCE COMPANY, an
Illinois Corporation as subrogee of
MARTHA ANTCZAK,

    Plaintiff,

    v.                                                      Case No. 09-CV-00311

FASCO, a Missouri Corporation,

    Defendant.

VON WEISE USA, INC.
f/k/a FASCO INDUSTRIES, INC.,

    Third Party Plaintiff,

    v.

LENNOX INDUSTRIES, INC., and
MARTENS PLUMBING & HEATING, INC.,

    Third Party Defendants

# DECISION AND ORDER

## NATURE OF CASE

On March 20, 2009, the plaintiff, Allstate Insurance Company, as subrogee of Martha Antczak, commenced this action against the defendant Fasco, a Missouri Corporation.[1] The complaint contains three counts. Counts I and II assert tort claims based on strict product liability and negligence. Count III asserts a claim for breach of implied warranty of

---

[1] The defendant is improperly named in the complaint. Von Weise USA, Inc., f/k/a Fasco Industries, Inc., is the defendant's proper name. The court will refer to the defendant as Von Weise.

merchantability. On May 22, 2009, the defendant filed a third-party complaint against Lennox Industries, Inc. and Martens Plumbing & Heating, Inc..

On June 19, 2009, defendant Von Weise filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). The plaintiff filed a brief in response to the defendant's motion and the defendant filed a reply brief. Accordingly, the defendant's motion is fully briefed and will be addressed herein.

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parities have diversity of citizenship and the amount in controversy alleged exceeds $75,000. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a) (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73 (E.D. Wis.).

## **MOTION FOR JUDGMENT ON THE PLEADINGS**

### **Standard for Judgment on the Pleadings**

A party may move for a judgment on the pleadings after the complaint and answer have been filed by the parties. See Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is reviewed under the same standard that applies when reviewing a motion to dismiss under Rule 12(b)(6). Pisciotta v. Old Nat'l Bancorp, 499 F.3d 629, 633 (7th Cir. 2007) (citing Guise v. BWM Mortgage, LLC, 377 F.3d 795, 798 [7th Cir. 2004]). Thus, the court takes all of the facts alleged in the complaint as true and draws all reasonable inferences drawn in favor of the plaintiff. Id. The court "will grant the motion 'only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief.'" Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (quoting Northern Indiana Gun and Outdoor Shows, Inc. v. City of S. Bend, 163 F.3d 449, 452 [7th Cir. 1998]).

**Factual Allegations of the Complaint**

Pursuant to an insurance policy, the plaintiff insured a home owned by Martha Antczak located at W342 S. 9635 Hwy. E, Eagle, Wisconsin. At some time prior to February 24, 2008, Ms. Antczak purchased and had installed in her house a Lennox brand furnace, which contained an exhaust blower manufactured by defendant Von Weise, in order to keep the house warm.

Also at some point before February 24, 2008, Ms. Antczak, who apparently lived alone, moved out of her home and into a retirement community and listed the house for sale. Despite leaving her home unoccupied, Ms. Antczak maintained the heat at approximately 57 degrees, presumably by setting the thermostat which controls the furnace. Ms. Antczak's two adult children each checked in on the condition of the house approximately once per month and Ms. Antczak's realtor visited the property when showing it to prospective buyers. On or about February 24, 2008, a "water loss" occurred at Ms. Antczak's house. The damage was discovered by Ms. Antczak's son. The water damaged the house and its contents in an amount exceeding $121,955.73. The complaint alleges that the water damage occurred because the furnace stopped operating. When the furnace stopped operating in the dead of winter, the home was no longer heated which, in turn, allowed the water pipes to freeze and burst.

The complaint further alleges that the furnace stopped operating because the ball bearings in the blower unit component manufactured by defendant Von Weise seized, which caused the blower to stop working and triggered a shut-down of the furnace. Following the "water loss," Ms. Antczak made a claim for reimbursement pursuant to her insurance policy with the plaintiff and the plaintiff paid the claim. Pursuant to the insurance policy, Ms. Antczak

subrogated to the plaintiff her rights to recover against any person or entity that may be liable for the reimbursed damage.

## **ANALYSIS**

Defendant Von Weise asserts that the plaintiff can not maintain its claim for breach of implied warranty of merchantability because such a claim requires privity and there was no privity between Ms. Antczak, the plaintiff's subrogee, and defendant Von Weise. Rather, the defendant asserts that Ms. Antczak "simply purchased from some third person a Lennox furnace which contained a component manufactured by Von Weise." (Defendant's Memorandum in Support of its Motion for Judgment on the Pleadings [Defendant's Memorandum] at 5). The plaintiff, although it does not presently withdraw its claim for breach of implied warranty, does not address the defendant's motion with respect to this claim other than to state: "Allstate will further withdraw its claim for breach of implied warranty against this particular Defendant in the event that the claim is not dismissed by the Court by way of the instant motion." (Plaintiff's Response to Defendant's Motion for Judgment on the Pleadings [Plaintiff's Response] at 10).

As stated by defendant Von Weise, in Wisconsin, privity of contract is required before liability can be found on breach of implied warranty. See Paulson v. Olson Implement Co., 107 Wis. 2d 510, 319 N.W.2d 855, 857-58 (1982); LaCrosse v. Schubert, Schroeder & Assocs, Inc., 72 Wis. 2d 38, 240 N.W.2d 124, 125 (1976); St. Paul Mercury Ins. Co. v. Viking Corp., No. 04-C-1124, 2007 WL 129063 at *23 (E.D. Wis. Jan. 12, 2007); Twin Disc, Inc. v. Big Bud Tractor, Inc., 582 F. Supp. 208, 215 (E.D. Wis. 1984). Ms. Antczak was not in privity with defendant Von Weise and, therefore, the plaintiff is not is privity with defendant Von Weise. Accordingly, the plaintiff cannot maintain a breach of implied warranty claim against

defendant Von Weise. Thus, defendant Von Weise's motion for judgment on the pleadings as to the plaintiff's claim for breach of implied warrant will be granted.

With respect to the plaintiff's remaining claims, defendant Von Weise asserts that the economic loss doctrine bars the claims "because the gravamen of the complaint is that the Von Weise blower did not work as intended in the Lennox furnace to heat [Ms.] Antczak's house, thereby allowing the water pipes to freeze, burst, and damage the house and its contents." (Defendant's Memorandum at 6). The defendant maintains that under the economic loss doctrine, "a plaintiff cannot recover in tort for damage to property, even if the property is, in a literal sense, something other than [the] product at issue, when the loss results from the failure of the product purchased by the plaintiff to perform as expected." (Defendant's Reply in Support of its Motion for Judgment on the Pleadings [Defendant's Reply] at 2). As such, the defendant asserts that the plaintiff's claims arise out of "disappointed expectations," and, thus, are not recoverable in tort. Id. at 4.

The plaintiff asserts that it sufficiently alleges both a claim for negligence and strict product liability and, therefore, the defendant's motion for judgment on the pleadings should be denied. Specifically, the plaintiff contends that Ms. Antczak's residence and personal property constitute "other property" under both the "integrated systems" and "disappointed expectations" tests. Accordingly, the plaintiff asserts that its tort claims are not barred by the economic loss doctrine.

The economic loss doctrine "is a judicially created doctrine intended to preserve the fundamental distinction between contract and tort." Grams v. Milk Prods, Inc., 283 Wis. 2d 511, 699 N.W.2d 167, 169 (2005) (citing Ins. Co. of N. America v. Cease Elec. Inc., 276 Wis. 2d 361, 688 N.W.2d 462, 466 [2005]); see also, Daanen & Janssen, Inc. v. Cedarapids, Inc., 216 Wis. 2d 395, 573 N.W.2d 842, 844-45 (1998). From its inception, the doctrine has been

- 5 -
Case 2:09-cv-00311-PJG   Filed 02/16/10   Page 5 of 10   Document 44

based on the understanding that contract law is better suited than tort law for dealing with purely economic loss. Daanen, 573 N.W.2d at 846, Sunnyslope Grading, Inc. v. Miller, Bradford and Risberg, Inc., 148 Wis. 2d 910, 437 N.W. 2d 213, 218-18 (1989). The economic loss doctrine seeks to protect parties' freedom to allocate risk by contract and encourage the purchaser, who is the party best situated to assess the risk of his or her economic loss, to assume, allocate, or insure against that risk. Kaloti Enters., Inc. v Kellogg Sales Co., 283 Wis. 2d 555, 699 N.W.2d 205, 216 (2005).

The Wisconsin courts have defined "economic loss" as "damages resulting from inadequate value because the product 'is inferior [in quality] and does not work for the general purposes for which it was manufactured and sold.'" Daanen, 573 N.W.2d at 845 (quoting Northridge Co. v. W.R. Grace & Co., 162 Wis. 2d 918, 471 N.W.2d 179, 181 [1991]). It includes both direct economic loss and consequential economic loss. Id. at 846. "The former is loss in value of the product itself; the latter is all other economic losses attributable to the product defect." Daanen, 573 N.W.2d at 846. The economic loss doctrine applies to commercial transactions as well as consumer transactions. State Farm Mut. Auto. Ins. Co. v. Ford Motor Co., 225 Wis. 2d 305, 592 N.W.2d 201, 208-09 (1999).

"'The economic loss doctrine does not preclude a product purchaser's claims of personal injury or damage to property other than the product itself.'" Grams, 699 N.W.2d at 169 (quoting Wausau Tile, Inc. v. County Concrete Corp., 226 Wis. 2d 235, 593 N.W.2d 445, 451 [1999]) (emphasis omitted); Daanen, 573 N.W.2d at 846. If, however, "the 'product' at issue is a defective component in a larger 'system,' the other components are not regarded as 'other property' in a legal sense, even if they are different property in a literal sense." Grams, 699 N.W.2d at 174. The Wisconsin courts have concluded that this "'integrated system' concept does not translate well to all situations involving property

damage to which the economic loss doctrine logically applies." Id. at 175.[2] Thus, they adopted the "disappointed expectations" test to fill the gaps. Id.

The "disappointed expectations" test governs situations in which a commercial product causes property damage, but the damage was within the scope of bargaining, such that "'the occurrence of such damage could have been the subject of negotiations between the parties.'" Grams, 699 N.W.2d at 175 (quoting Neibarger v. Universal Coops., 486 N.W.2d 612, 620 [Mich. 1992]). In other words, the "disappointed expectations" test is directed at determining whether the purchaser should have anticipated the need to seek protection against loss through contract. Foremost Farms, 726 N.W.2d at 295. This focuses on the expected function of the product and whether, from the purchaser's perspective, it was reasonably foreseeable that the product could cause the damage at issue. Id.

Under the "disappointed expectations" test, the "determination of whether particular damage qualifies as damage to 'other property' turns on the parties' expectations of the function of the bargained-for product." Grams, 699 N.W.2d at 176; see also Foremost Farms, 726 N.W.2d at 295. The "disappointed expectations" test is met when "'prevention of the subject risk was one of the contractual expectations motivating the purchase of the defective product.'" Grams, 699 N.W.2d at 178 (quoting Rich Prods. Corp. v. Kemutec,

---

[2]The court would normally first apply the "integrated system" test to determine whether the damaged property is "other property." See Foremost Farms, 726 N.W.2d at 298. "If the damaged property is not 'other property' under the 'integrated system' test, the economic loss doctrine applies and tort claims are barred." Id. In this case, however, the defendant asserts that "the 'integrated systems' test is utterly immaterial to [its] motion to dismiss (sic), since [it] has not asserted that the blower, furnace, and house all constitute an 'integrated system.'" (Defendant's Reply at 3). Therefore, the defendant "predicates its motion . . . on the 'disappointed expectations' test.' Id. The "integrated systems" test is not "utterly immaterial" to the resolution of the defendant's motion for judgment on the pleadings. Nevertheless, the court will focus on and will apply the "disappointed expectations" test.

Inc., 66 F. Supp. 2d 937, 975 [E.D. Wis. 1999]). It "asks whether the damage was 'reasonably foreseeable' should the purchased product prove to be defective, such that the purchaser, at least in theory, could have obtained protection in contract." Foremost Farms, 726 N.W.2d at 295 (citing Grams, 699 N.W.2d at 175 n.8). This is an objective standard: a reasonable purchaser in the plaintiff's position must have foreseen the risk. Id. If the "claimed damages are the result of disappointed expectations of a bargained-for product's performance, the economic loss doctrine applies to bar the plaintiff's tort claims and the plaintiff must rely upon contractual remedies alone." Grams, 699 N.W.2d at 169.

Here, the plaintiff asserts that the damage to other property was the result of a mechanical defect in Ms. Antczak's furnace's blower unit, which caused the furnace to stop operating. According to the plaintiff, the failure of the blower was internal and not a serviceable component. Thus, the plaintiff maintains that the "disappointed expectations" test should turn on whether a reasonable purchaser in Ms. Antczak's position would have foreseen the risk of a furnace's component part (the blower) malfunctioning and causing water damage to an entire home. Specifically, the plaintiff asks whether a reasonable homeowner would know that the failure of a blower motor within a furnace that operates for one purpose (blowing exhaust from the furnace to the outside of the home), might cause harm in a manner unrelated to the expected function of the blower.

Conversely, the defendant, viewing the blower as a component of the furnace, asserts that the "plaintiff's claims . . . arise out of 'disappointed expectations,' since [Ms.] Antczak purchased her furnace for the purpose of keeping her house warm, and the nature of her injury – water damage from frozen pipes – is intertwined with the temperature of the house." (Defendant's Reply Brief at 4).

"Reasonable foreseeability" for the purposes of this test should not be equated with "foreseeable interaction" between the purchased product and the damaged property. Foremost Farms, 726 N.W.2d at 296. Importantly, foreseeable interaction, by itself, does not show that damage was reasonably foreseeable within the meaning of the "disappointed expectations" test. Id. With regards to foreseeable interaction, the Grams court commented that the "result could turn on the purpose for purchasing the product, the reasonableness of anticipating a risk of the product's failed performance, the availability of warranties or risk sharing mechanisms, and the extremity of the facts." 699 N.W.2d at 178.

The "disappointed expectations" test asks whether a reasonable person would have foreseen the type of damage that was caused by the defective product. See Foremost Farms, 726 N.W.2d at 295. Regardless of whether the product performed its intended function, or failed to do so, the question is whether the damage was "'reasonably foreseeable'" should the purchased product prove to be defective, such that the purchaser, at least in theory, could have obtained protection in contract. See Foremost Farms, 726 N.W.2d at 295 (quoting Grams, 699 N.W.2d at 175 n.8). "[I]n some situations damage to different property is so obviously not susceptible to reasonable anticipation that no further inquiry is needed to conclude that the 'disappointed expectations' test is not met." Id. at 297. The converse is also true: in some situations damage to different property is so obviously susceptible to reasonable anticipation that no further inquiry is needed to conclude that the "disappointed expectations" test is met. See id. ("The ends of the spectrum are easily resolved."). However, "resolution of the factual question – was the damage something a reasonable purchaser should have foreseen – will most often require an inquiry into what is normally known by a purchaser in the plaintiff's position." Id.

In this case, the defendant filed a motion for judgment on the pleadings. Thus, there is no evidence as to what is normally known by a purchaser in Ms. Antczak's position. In deciding a motion for judgment on the pleadings, the court must take all of the facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor. The facts of this case are not clearly on either end of the spectrum. Therefore, the court cannot conclude that Ms. Antczak's house was not "other property" under the "disappointed expectations" test. Accordingly, the defendant's motion for judgment on the pleadings with respect to the plaintiff's claims for strict product liability and negligence will be denied.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the defendant's motion for judgment on the pleadings as to count III, breach of implied warranty of merchantability, be and hereby is **granted.** (Docket #26).

**IT IS FURTHER ORDERED** that the defendant's motion for judgment on the pleadings as to counts I and II, strict product liability and negligence, be and hereby is **denied.** (Docket #26).

Dated at Milwaukee, Wisconsin this 16th day of February, 2010.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge